Dear Ms. Norris:
This office is in receipt of your request for an Opinion from the Attorney General concerning LA. REV. STAT. § 33:1464. You indirectly requested clarification on the statute's usage of the phrase "official functions of the office of sheriff" by seeking confirmation as to whether or not certain, specific acts are considered official functions of the sheriff's office. Your specific concerns and the Attorney General's responses to those concerns are presented as follows.
I. LA. REV. STAT. § 33:1464
LA. REV. STAT. § 33:1464 permits each sheriff to designate one deputy per shift for each office location and appoint them as ex officio
notaries public:
 A. Notwithstanding any provisions of the law relative to qualifications for notaries public, each sheriff may designate one deputy per shift for each office location and appoint them as ex officio notaries public.
 B. (1) The deputy so appointed may exercise, in the parish which the sheriff serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgments, and other documents, all limited to matters within the official functions of the office of sheriff, for the enforcement of any statute which provides for criminal penalties, any parish ordinance which the sheriff is charged with enforcing, and any affidavit required for the enforcement of R.S. 32:661 through 669, and to execute property bonds. For each such action the notary shall use the official seal of that respective sheriff's office.
 (2) He shall fulfill the same bond requirements as provided by law for notaries in the parish which the sheriff serves.
 (3) The sheriff shall pay as an expense of his office the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.
 C. All acts performed by such an ex officio notary public authorized by this Section shall be performed without charge or other compensation.
 D. The sheriff may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employ of the sheriff shall automatically terminate the powers of such an ex officio notary public.[1]
Accordingly, each sheriff may designate one deputy per shift for each office location and appoint them as ex officio notaries public, notwithstanding any provisions of the law relative to qualifications for notaries public. Pertinently, the appointed deputy may function as a notary public to administer oaths so long as the sheriff is entitled to do so. And the appointed deputy may execute affidavits, acknowledgments, and other documents so long as the sheriff is entitled to do so.
II. DO THE OFFICIAL FUNCTIONS OF THE SHERIFF'S OFFICE INCLUDENOTARIZING PROPERTY DEEDS, TAX SALE CANCELLATIONS, STATE OF LOUISIANAOATHS OF OFFICE, OUT OF STATE AFFIDAVITS, OUT OF STATE SERVICES,FORECLOSURE DEEDS, AND OTHER NORMAL DAY TO DAY FUNCTIONS OF ANYSHERIFF'S OFFICE?
You asked for confirmation as to whether the official duties of the sheriff's office include notarizing: (a) property deeds; (b) tax sale cancellations; (c) State of Louisiana oaths of office; (d) out of state affidavits; (e) out of state services; (f) foreclosure deeds; and (g) other normal day to day functions of any sheriff's office. After speaking with the Louisiana Sheriff's Association, we specifically address each of the aforementioned as follows.
A. Notarizing property deeds
It is our understanding a property deed is not something with which a sheriff normally involves himself. To that end, proceedings surrounding a property deed do not fall within the sheriff's official duties. Accordingly, it is our position a deputy sheriff, properly designated as an ex officio notary public, should not notarize a property deed.
B. Notarizing tax sale cancellations
It is our understanding sheriffs are routinely involved in tax sales and their cancellations. Tax sale cancellations thus fall within the official duties of the sheriff. Accordingly, it is our position a deputy sheriff, designated as an ex officio notary public, can notarize a tax sale cancellation.
C. Notarizing State of Louisiana oaths of office
It is our understanding sheriffs are not normally involved in administering oaths of office, with the exceptions of swearing in deputy sheriffs and/or administering the oath required of appraisers of property under seizure, sequestration, or order of attachment.[2]
Accordingly, it is our position a deputy sheriff, properly designated as an ex officio notary public, can notarize an oath of office administered by a sheriff so long as the sheriff has authority to administer said oath.
D. Notarizing out of state affidavits
It is our understanding sheriffs are routinely involved in out of state affidavits. Dealing with such affidavits thus falls within the official duties of the sheriff. Accordingly, it is our position a deputy sheriff, designated as an ex officio notary public, can notarize an out of state affidavit.
E. Notarizing out of state service
It is our understanding sheriffs are routinely involved in processing out of state service. Handling such service(s) thus falls within the official duties of the sheriff. Accordingly, it is our position a deputy sheriff, designated as an ex officio notary public, can notarize an out of state service.
F. Notarizing foreclosure deeds
It is our understanding a foreclosure deed is not something with which a sheriff normally involves himself. To that end, proceedings surrounding a foreclosure deed do not fall within the sheriff's official duties. Accordingly, it is our position a deputy sheriff, properly designated as an ex officio notary public, should not notarize a foreclosure deed.
I trust this opinion answers your questions. If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA. REV. STAT. § 33:1464.
[2] LA. REV. STAT. § 33:1440.